IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 20-cv-1367-HLT-TJJ |
| ) | |
| **BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDU AND ORDER

This matter is before the Court on Defendant Blue Cross and Blue Shield of Kansas, Inc.'s Motion for Leave to File Motion to Enforce Settlement Under Seal and for Protective Order (ECF No. 41). Defendant Blue Cross and Blue Shield of Kansas, Inc. ("BCBSKS") asks the Court to allow it to file under seal its Motion to Enforce Settlement and the accompanying exhibits, a redacted version of which it filed at ECF No. 42.[1] That request is unopposed and for reasons set forth below, the Court will grant it. BCBSKS also moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c) to prevent disclosure of the terms of the confidential settlement between BCBSKS and Plaintiff to Defendants Orchestrate HR, Inc. and Vivature, Inc. (collectively "Orchestrate"). Plaintiff does not oppose the latter request, but Orchestrate argues a protective order is inappropriate as it is entitled to service of all

---

[1] BCBSKS first sought to file its Motion to Enforce Settlement under seal (ECF No. 36) and concomitantly filed under seal the Motion to Enforce Settlement (ECF No. 37). District Judge Teeter granted BCBSKS's later oral motion to withdraw both filings (ECF No. 40).

documents filed in this case. For reasons set forth below, the Court will also grant the motion for protective order.

**Background**

At mediation, Plaintiff The Cincinnati Insurance Company ("Cincinnati") and BCBSKS resolved their dispute in this insurance coverage case which addresses Cincinnati's obligation to BCBSKS with respect to the underlying action, *Orchestrate HR, Inc. et al. v. Blue Cross Blue Shield Kansas*, Case No. 19-cv-4007-HLT-TJJ (D. Kan.). Orchestrate did not participate in the mediation, nor did the Court require Orchestrate to exchange good-faith settlement offers in advance of mediation because the dispute in this case is solely between Cincinnati and BCBSKS.[2] The complaint asserts no claims against Orchestrate, and Orchestrate has not asserted a counterclaim or cross claim. Following mediation, BCBSKS and Cincinnati signed a Term Sheet to memorialize their agreement. Cincinnati has not signed the parties' Settlement Agreement, however, and BCBSKS intends to move to enforce the settlement.[3] But BCBSKS first seeks permission to file the motion and accompanying exhibits under seal, and for a protective order to prevent disclosure of the terms of the confidential settlement between BCBSKS and Cincinnati to Orchestrate.

**Legal Standards**

---

[2] *See* Minute Sheet attached to ECF No. 23. Although Orchestrate did submit and produce Rule 26(a) Initial Disclosures, it identified no witnesses other than one who has knowledge of the underlying litigation, and identified no documents.

[3] ECF No. 42.

Federal courts have long recognized a common law right of access to judicial records.[4] This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest.[5]

The public's right of access, however, is not absolute.[6] The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.[7] In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.[8] The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.[9]

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."[10] Stated another way, "[a] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it."[11]

---

[4] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007).

[5] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Worford v. City of Topeka*, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004).
[6] *Helm*, 656 F.3d at 1292.

[7] *Id.*; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

[8] *Helm*, 656 F.3d at 1292.

[9] *Id.*; *Mann*, 477 F.3d at 1149.

[10] *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

[11] *U.S. v. Malik*, 15-cv-9092-CM-TJJ, 2017 WL 264544, at *4 (D. Kan. Jan. 20, 2017).

**Analysis**

<u>Motion for Leave to File Under Seal</u>

BCBSKS asserts it has met its burden to overcome the presumption that the public should have access to the terms of its settlement with Cincinnati. Citing a strong public policy encouraging the settlement of disputes, as evidenced by the general rule that settlement negotiations are confidential and evidence relating to such negotiations is restricted, BCBSKS contends the confidentiality of insurance coverage settlements deserves heightened protection.[12] Neither Cincinnati nor Orchestrate objects to BCBSKS's argument or its request to seal its Motion to Enforce Settlement and ten exhibits thereto. The exhibits comprise the binding Term Sheet signed by BCBSKS and Cincinnati which contains the material terms of their settlement, emails between them discussing drafts of the settlement agreement, and emails regarding payment of defense expenses for the underlying litigation.

The Court agrees BCBSKS and Cincinnati have a legitimate interest in maintaining the privacy of their settlement negotiations. The public policy underlying the principle that settlements are deserving of confidentiality is more important than who the litigants are or the terms of their settlement, and in this case it outweighs the public's interest in these filings. Accordingly, the Court grants BCBSKS leave to file its Motion to Enforce Settlement and Exhibits A through J under seal.

<u>Motion for Protective Order</u>

---

[12] *See* Motion (ECF No. 41) at 2-4.

BCBSKS invokes the Court's authority under Federal Rule of Civil Procedure 26(c) to enter a protective order restricting access to the unredacted, non-public version of its Motion to Enforce Settlement and certain exhibits solely to Cincinnati. Orchestrate opposes the motion on three grounds. First, Orchestrate contends Federal Rule of Civil Procedure 5 requires BCBSKS to serve its motion on every party, and that no exception to the rule applies. Second, Orchestrate argues the Term Sheet and related exhibits qualify as an "insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" which BCBSKS is required to disclose to all other parties pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv). Finally, Orchestrate challenges the applicability of Rule 26(c) as authority because the rule allows a party or any person "from whom discovery is sought" to move for a protective order,[13] and the documents at issue are not the subject of discovery.[14]

Although the Court disagrees the settlement agreement and related documents constitute Cincinnati's insurance policy, Orchestrate's other arguments are logically sound. But other factors are present that influence the Court's view. Although Orchestrate and Vivature are Defendants in this action, Cincinnati asserts no claims against them and in turn, they raise no claims against Cincinnati or BCBSKS. The only dispute in this declaratory judgment action is solely between Cincinnati and BCBSKS regarding insurance coverage. With the Court's permission, Orchestrate did not make a good-faith settlement offer when the parties were required to exchange them. Orchestrate did not participate in the mediation between Cincinnati

---

[13] Fed. R. Civ. P. 26(c)(1).

[14] Orchestrate begins its Response with a recitation of events in the underlying litigation. Those events are not germane to this issue and the Court does not address them.

and BCBSKS, the result of which would have led to dismissal of this action absent the parties' inability to finalize the Settlement Agreement. BCBSKS represents the terms of the Settlement Agreement have no bearing on whether indemnity coverage exists for any judgment or settlement of the underlying litigation because they address only payment of BCBSKS's defense costs.

The underlying action is still an actively litigated case between Orchestrate and BCBSKS. Although Orchestrate asserts it is entitled to the confidential information at issue, it has articulated no purpose that would be served by disclosure and does not dispute BCBSKS's argument that it would be prejudiced thereby. Although the Court agrees a protective order is appropriate, Rule 26(c) is not a precise fit. Indeed, the Federal Rules of Civil Procedure are not the exclusive authority for courts to act. A court may rely on its inherent authority to manage proceedings and fashion orders.

> The Federal Rules of Civil Procedure set out many of the specific powers of a federal district court. But they are not all encompassing. They make no provision, for example, for the power of a judge to hear a motion *in limine,* a motion to dismiss for *forum non conveniens,* or many other standard procedural devices trial courts around the country use every day in service of Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes.
>
> Accordingly, this Court has long recognized that a district court possesses inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); see also *United States v. Hudson,* 7 Cranch 32, 34, 3 L.Ed. 259 (1812). Although this Court has never precisely delineated the outer boundaries of a district court's inherent powers, the Court has recognized certain limits on those powers.
>
> First, the exercise of an inherent power must be a "reasonable response to the problems and needs" confronting the court's fair administration of justice. *Degen v. United States,* 517 U.S. 820, 823–824, 116 S. Ct. 1777, 135 L.Ed.2d 102 (1996). Second, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute. See *id.,*

at 823, 116 S. Ct. 1777; Fed. Rule Civ. Proc. 83(b) (districts courts can "regulate [their] practice in any manner consistent with federal law"); see, *e.g., Bank of Nova Scotia v. United States,* 487 U.S. 250, 254, 108 S. Ct. 2369, 101 L.Ed.2d 228 (1988) (holding that a district court cannot invoke its inherent power to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a)).[15]

The Court possesses the authority to enter a protective order in this case and will do so because BCBSKS has demonstrated good cause exists and Orchestrate has not overcome the showing. Accordingly, the Court enters the following order.

**IT IS THEREFORE ORDERED** that Defendant Blue Cross and Blue Shield of Kansas, Inc.'s Motion for Leave to File Motion to Enforce Settlement Under Seal and for Protective Order (ECF No. 41), is **GRANTED**.

**IT IS FURTHER ORDERED THAT** within five (5) days of the date of this order, BCBSKS must file <u>under seal</u> an unredacted version of its Motion to Enforce Settlement and Exhibits A through J to that motion. The publicly filed redacted version of the Motion to Enforce Settlement and all exhibits (ECF No. 42) shall remain on the docket.

**IT IS FURTHER ORDERED THAT** pursuant to this order granting the Motion for Protective Order, BCBSKS shall not serve Orchestrate HR, Inc. and Vivature, Inc. with the unredacted version of its Motion to Enforce Settlement and Exhibits A through J to that motion. Upon filing, BCBSKS shall direct the Clerk not to grant access to the sealed documents to counsel of record.[16]

---

[15] *Dietz v. Bouldin*, 579 U.S. 40, 45–46 (2016).

[16] BCBSKS has served the sealed documents on Cincinnati.

Dated this 3rd day of May, 2022, at Kansas City, Kansas.

                                                    Teresa J. James
                                                    U. S. Magistrate Judge